# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| MINISTERIO ROCA SOLIDA, | 2:12-cv-01488-RCJ-VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| UNITED STATES DEPARTMENT OF FISH | **(Motion To Stay Discovery #9)** |
| AND WILDLIFE, *et al.,* | |
| Defendants. | |

Before the court is defendants United States Department of Fish and Wildlife and Sharon McKelvey's, in her official capacity (hereinafter "Federal Defendants"), Motion to Stay Discovery. (#9). Plaintiff filed an Opposition (#13), and the Federal Defendants filed a Reply (#18).

## Background

Plaintiff Ministerio Roca Solida (hereinafter "Solid Rock Ministry" or "Ministry") filed its complaint against United States Fish and Wildlife Service and Sharon McKelvey, the Ash Meadows Wildlife Refuge Manager, in both her official and individual capacities, on August 22, 2012, asserting claims for (1) violation of property rights, (2) violation of free exercise rights, (3) negligence, and (4) unconstitutional "taking" of plaintiff's property. (#1). Plaintiff alleges that it purchased forty (40) acres of land in Nye County, Nevada, for its church camp ministry, and that, while private land, the forty (40) acre parcel is located within the boundaries of the Ash Meadows National Wildlife Refuge. *Id.* Plaintiff alleges that "[i]ncluded with the forty acre parcel purchase are water rights to a desert stream which has flowed through and across the property in question since before the year 1881." *Id.* Plaintiff asserts that

the stream was used as a baptismal stream and to water animals, "contributed significantly to an atmosphere suitable for religious meditation, and fed a recreational pond utilized by attendees of Solid Rock Ministry's church camp." *Id.*

Plaintiff alleges that defendants engaged in a "water diversion project that prevented Solid Rock Ministry's water from entering its property and, instead, diverted said water completely around the borders of the [p]laintiff's forty acre parcel." *Id.* Plaintiff also alleges that "the water diversion project was conducted negligently such that on December 23, 2010, the first day of any measurable, post-diversion rainfall, the newly diverted water overflowed the USF&W-artificially-created channels and flooded portions of the forty acre parcel as it made its way back to its historical path," resulting in at least $86,639.00 to the land, structures, and animals on church camp grounds. *Id.* Plaintiff states that in accordance with the Federal Tort Claims Act (hereinafter "FTCA") it "filed a "SF 95 claim" via certified mail with the Solicitor of the U.S. Fish and Wildlife Service/Department of the Interior for the damages resulting from the negligent means by which the water diversion project was executed by [d]efendants." *Id.*

On November 20, 2012, the Federal Defendants filed a motions to dismiss (#7) and defendant McKelvey, in her individual capacity, filed a motion to dismiss (#8). On November 28, 2012, the Federal Defendants filed the instant motion to stay discovery. (#9). On December 7, 2012, plaintiff filed an amended complaint (#12) adding the United States as a defendant, asserting claims for (1) violation of property rights and liberty interests, (2) violation of free exercise rights, (3) negligence, and (4) unconstitutional "taking" of plaintiff's property, and seeking declaratory, injunctive, and monetary relief. (#12). Plaintiff filed an opposition to the motion to stay on December 12, 2012. (#13). On December 24, 2012, defendants filed two separate motions to dismiss the amended complaint. (#16 and #17). On the same day, the Federal Defendants filed their reply in support of the motion to stay. (#18).

**Motion To Stay**

    **A.    Argument**

    Federal Defendants ask this court to stay discovery in this matter pending the court's ruling on defendants' motions to dismiss (#7, #8, #16 and #17), as the motions to dismiss are based on (1) lack of subject matter jurisdiction, (2) failure to state a claim, (3) qualified immunity, and (4) no waiver of sovereign immunity.  (#9).  Federal Defendants assert that "until these threshold issues are decided, discovery should not commence."  *Id.*  Plaintiff argues against the stay, and asserts that the court "has jurisdiction over the "UNITED STATES for the Takings and FTCA claims, jurisdiction over U.S. FISH AND WILDLIFE SERVICE and Sharon MCKELVEY in her official capacity with respect to the declaratory and injunctive relief sought, and jurisdiction over Sharon MCKELVEY in her individual capacity for her clear legal and constitutional violations even despite Defendants' errant characterization of "supervisory liability" as a thing of the past.  (#13).  Plaintiff also asserts that the original complaint (#1) provided the defendants with adequate notice of the claims against them, and that the amended complaint (#12) provides even more specificity.  *Id.*

    Federal Defendants assert in their reply that in their recent motions to dismiss (#16 and #17) the amended complaint (#12) they argue "threshold issues: lack of waiver of sovereign immunity, lack of subject matter jurisdiction, and qualified immunity for McKelvey," which plaintiff "essentially ignores." (#18).  Federal Defendants argue that plaintiff did not address the authorities showing that qualified immunity should be decided before discovery, and "merely argues that a Rule 12(b)(6) motion is not automatic grounds for a stay."  *Id.*

    **B.    Relevant Law**

    The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule

12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation).

Two published decisions in this district have held that ordinarily, a dispositive motion does not warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Both of these decisions held that to establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Id*. Citing the Ninth Circuit's decision in *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*), both of these decisions held that a district court may stay discovery only when it is *convinced* that the Plaintiff will be unable to state a claim for relief (emphasis added).  Common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.  *Id*.

On the other hand, the Ninth Circuit has held that under certain circumstances, a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion.  *See Alaska Cargo Transport, Inc. v. Alaska R.R., Corp.*, 5 F.3d. 378, 383 (9th Cir. 1993) (stating the district court would have abused its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction); *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987) (holding district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve); *Kamm v. Cal City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (holding the propriety of a class action cannot be determined in some cases without discovery, and to deny discovery in such cases is an abuse of discretion); *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir. 1977) (stating that the better and more advisable practice is for the district court to allow litigants an opportunity to present evidence concerning whether a class action is maintainable, and such an opportunity requires "enough discovery to obtain the material").

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). The Ninth Circuit has held that discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003), *overruled on other grounds, Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (en banc).

Under Federal Rule of Civil Procedure 26©, the court may limit the scope of disclosures or discovery on certain matters and prevent certain matters from being inquired into upon a showing of good cause or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion. *Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988). Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants. *Id.*

It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied. *Turner*, 175 F.R.D. at 556 (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). A showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order. *Id.; Twin City*, 124 F.R.D. at 653. Rather, a party seeking a protective order must show a particular and specific need for the protective order, and broad or conclusory statements concerning the need for protection are insufficient. *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990).

To summarize, the Ninth Circuit has held that a district court may enter a protective order staying discovery when a motion to dismiss for failure to state a claim on which relief may be granted is

pending if the district court "is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d at 801. The Ninth Circuit has also held that under certain circumstances, it is an abuse of discretion to deny discovery while a dispositive motion is pending. Finally, the Ninth Circuit has held that the purpose of a Rule 12(b)(6) motion is to enable a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery. The court's research has not found a Ninth Circuit case announcing the factors a court should apply in deciding a motion to stay discovery while a dispositive motion is pending.

Federal district courts in the Northern and Eastern Districts of California have applied a two-part test when evaluating whether discovery should be stayed. *See, e.g.*, *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases). First, the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *Id.* In applying this two-factor test, the court deciding the motion to stay must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* If the party moving to stay satisfies both prongs, a protective order may issue; otherwise, discovery should proceed. *Id.*

Other courts in the Ninth Circuit have applied a more lenient standard in determining whether a motion to stay should be granted pending a resolution of a potentially dispositive motion. *See, e.g., GTE Wireless, Inc. v. Qualcom, Inc.,* 192 F.R.D. 284, 286 (S.D. Cal. 2000) (stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted." *Id.* (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (emphasis in original).

In still a third approach, a judge in the Central District of California has held the court should evaluate a request for a stay applying several factors on a case-by-case basis. *See Skellercup*, 163

F.R.D. at 601.   In *Skellercup,* the court adopted the approach taken in the Eastern District of New York decision, *Hachette Distributing v. Hudson County News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991). These decisions recognize that discovery should be stayed while a dispositive motion is pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette*, 136 F.R.D. at 356.   In determining whether a stay of discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required because the inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. *Id.*   These decisions suggest that the court should consider the following, non-exhaustive list of factors: the type of pending dispositive motion and whether it is a challenge as a matter of law or to the sufficiency of the complaint allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been asserted; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances. *Id*.

In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.*  Discovery is expensive.  This court is persuaded that the standard enunciated by Judges Reed and Hunt in *Twin City* and *Turner* should apply in evaluating whether a stay of discovery is appropriate while a dispositive motion is pending.  However, as the court in *Mlenjnecky* recognized, taking a "preliminary peek" and evaluating a pending dispositive motion puts a magistrate judge in an awkward position.  2011 WL 489743 at *6.  The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion.  Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome.

Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.  With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

The explosion of Rule 12(b)(6) motions in the wake of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.C. 1937 (2009), has made speedy determinations of cases increasingly more difficult.  Prohibiting or delaying all discovery will often cause unwarranted delay, especially if a pending dispositive motion challenges fewer than all of Plaintiff's claims.  The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery.  With these principles in mind, the court will take a "preliminary peek" at Defendant's pending motion to dismiss.

**C.    Discussion**

**1.    Defendants' Motions to Dismiss**

As the courts held in *Twin City*, 124 F.R.D at 653 and *Turner Broadcasting*, 175 F.R.D. at 556, common situations warranting a stay pending a ruling on dispositive motions include when the dispositive motions raise issues of jurisdiction, venue, or immunity.  Defendants motions to dismiss (#7, #8, #16 and #17) assert dismissal is appropriate based on lack of waiver of sovereign immunity, lack of subject matter jurisdiction, qualified immunity for McKelvey, and failure to state a claim under Rule 12(b)(6).  The court will take its "preliminary peek" at defendants most recent motions to dismiss (#16 and #17), as they address the claims in the operative amended complaint (#12).

**a.    Jurisdiction**

Defendants argue that plaintiff "failed to plead a takings claim within the jurisdiction of this district court," as "The Little Tucker Act, 28 U.S.C. § 1346(a)(2), vests the federal district courts with

jurisdiction over takings, contract, and other non-tort, claims "not exceeding $10,000[1]," and plaintiff's amended complaint (#12) only contains a monetary amount of $86,639.00.  (#16).  Defendants also state that dismissal is appropriate because this court does not have jurisdiction to enjoin a taking, and may only award damages of just compensation[2].  *Id.*  The defendants assert that plaintiff cannot use the waiver of sovereign immunity provided by the APA and additional Constitutional labels to enjoin a taking, as the three pertinent conditions enumerated by the Ninth Circuit[3] are not present: (1) the plaintiff's claims are "unquestionably" for money damages (#12); (2) plaintiff "has available other adequate remedies in the Tucker Act and the FTCA, as well as the Little Tucker Act if it limited its takings claim to nor more than $10,000," and (3) the plaintiff "seeks through its putative APA claim the types of declaratory and injunctive relief that are expressly or impliedly prohibited by the Tucker Act, the Little Tucker Act, and the FTCA."  *Id.*

Defendants also argue that the plaintiff cannot attempt to pursue "putative constitutional claims, which [it] seeks to adjudicate through the applicable APA (first and second claims for relief)," as they

---

[1] 28 U.S.C. § 1346(a)(2); *Preseault v. ICC,* 494 U.S. 1, 12 (1990); *United States v. Park Place Assoc.*, 563 F.3d 907, 927 (9th Cir. 2009); compare *Telecare Corp. v. Leavitt*, 409 F.3d 1345, 1348 (Fed. Cir. 2005) (claim for $1,470.96 fell within the Little Tucker Act's jurisdictional range for district court), with *Park Place*, 563 F.3d at 927-28 (Little Tucker Act did not supply jurisdictional basis for district court because plaintiff had not waived claims in excess of $10,000), and *In re NSA Telecomm. Records Litig.*, 669 F.3d 928, 933 (9th Cir. 2011) (taking claims that failed to demand damages did not fall within Little Tucker Act's jurisdictional range for damages).

[2] The Fifth Amendment does not prohibit the taking of private property, but instead places a condition on the exercise of that power. *See Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1285 (9th Cir. 1997) (citing *First English Evangelical Lutheran Church of Glendale v. Cnty. of L.A.*, 482 U.S. 304, 314 (1987)); see also *Nev. Land Action Ass'n v. U.S. Forest Serv.*, 8 F.3d 713, 719 (9th Cir. 1993) (the Fifth Amendment does not limit the Government's power to interfere with property rights, but rather secures compensation where interference amounts to a taking) (citing *Preseault*, 494 U.S. at 11).

[3] The Ninth Circuit has articulated as follows three pertinent conditions that are necessary for the APA's waiver of sovereign immunity to apply to a plaintiff's suit: (1) the plaintiff's claims are not for money damages; (2) an adequate remedy for the plaintiff's claims is not available elsewhere; and (3) the plaintiff's claims do not seek relief expressly or impliedly forbidden by another statute. *See Park Place,* 563 F.3d at 929 (citing *Tucson Airport Auth.*, 136 F.3d at 645); *see also* 5 U.S.C. §§ 702, 704.

are nothing more than its takings claim by another name.  *Id*.  Takings claims subsume the substantive due process claim, and plaintiff cannot assert a separate or additional due process claim.  *Id; citing Esplanade Props., L.L.C. v. Seattle*, 307 F.3d 978, 982–83 (9th Cir. 2002) (explaining and relying on several precedents from the Supreme Court and Ninth Circuit).   Defendants argue that the court also lacks jurisdiction over plaintiff's putative takings claim against Fish and Wildlife and McKelvey, because Tucker Act and the Little Tucker Act confer jurisdiction only over claims "against the United States.[4]"  *Id.*

### b.   Immunity

Defendants also address the Mandamus Act, 28 U.S.C. § 1361, which plaintiff added to its amended complaint (#12), and argue that this section does not waive the United States' sovereign immunity.  (#16).  Defendants cite to *Winslow v. IRS*, No. 2:11-cv-00488-GMN-LRL, 2012 WL 28951, at *2 (D. Nev. Jan. 5, 2012) (*citing Hill v. United States*, 571 F.2d 1098, 111 n.5 (9th Cir. 1978)), to support the position that since plaintiff alleges that defendant McKelvey was acting within the scope of her employment and her actions were that of the government (#12), the actions are those of the sovereign and subject to sovereign immunity.  *Id.*

The defendants also address the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 (2006) added to plaintiff's amended complaint (#12), and assert that this act does not waive sovereign immunity either, as "[t]he Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, does not constitute the United States' consent to be sued, it 'merely grants an additional remedy in cases where jurisdiction

---

[4] 28 U.S.C. §§ 1491(a)(1), 1346(a)(2); *cf. Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20–22 (1940) (given the remedy of just compensation against the Government for a taking, an agent or officer of the Government cannot be held liable for acts performed on behalf of the Government).

already exists in the court[5].'"  *Id.*  Defendants argue that plaintiff's FTCA claim fails against Fish and Wildlife and McKelvey and that agencies or employees are not proper defendants,[6] as FTCA provides the "exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States..." (#16).

Federal Defendants also assert that defendant McKelvey is entitled to qualified immunity from suit which "shields government officials performing discretionary functions from civil damage suits as long as their conduct does not violate clearly established rights of which a reasonable person would know." (#17)(citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (citations omitted).  (#17).

### 2.    Stay is Warranted

As discussed above, discovery should be stayed while dispositive motions are pending "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive."  *Hachette*, 136 F.R.D. at 356.  The court will employ a two part test in determining whether to stay the discovery: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery.  *See, e.g.*, *Mlenjnecky*, 2011 WL 489743 at *6.

---

[5] *W. Shoshone Nat'l Council*, 408 F. Supp. 2d 1040, 1047–48 (D. Nev. 2005) (citing *Brownell v. Ketcham Wire & Mfg.*, 211 F.2d 121, 128 (9th Cir. 1954)); cf. *Morongo Band of Mission Indians*, 858 F.2d at 1382–83, 1386 (holding that the Declaratory Judgment Act did not provide an independent basis for jurisdiction) (citing *Feidler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983)).
[6] *FDIC. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (citations omitted); see also *Corey v. McNamara*, 409 F. Supp.2d 1225, 1228–29 (D. Nev. 2006) (the United States is the only proper defendant for an FTCA claim); *Whitehorn*, 235 F. Supp.2d at 1097 ("'A claim against a [federal agency] in its own name is not a claim against the United States'") (alteration in original; *See United States v. Smith*, 499 U.S. 160, 163, 166 (1991) (the FTCA "establishes the absolute immunity for Government employees . . . by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment.").

Plaintiff does not allege in its opposition (#13) that further discovery is necessary for the court to rule on the jurisdictional or immunity issues raised in the motions to dismiss (#16 and #17) and asserts that it addressed "any alleged factual shortcomings in its First Amended Complaint." *Hachette*, 136 F.R.D. at 356. This weighs in favor of staying discovery.[7] As demonstrated above, the pending motions to dismiss (#16 and #17) are potentially dispositive of the claims against all defendants. *Mlenjnecky*, 2011 WL 489743 at *6. The issues before the District Judge, notwithstanding the argument that plaintiff failed to state a claim under Rule 12(b)(6) which plaintiff asserts it cured in the amended complaint (#12), are purely questions of law relating to the jurisdiction of this court and the alleged immunity of the defendants. *Hachette*, 136 F.R.D. at 356; *Twin City*, 124 F.R.D at 653; *Turner Broadcasting*, 175 F.R.D. at 556.

As "[s]ubject matter jurisdiction must exist as of the time the action is commenced," permitting plaintiff to engage in discovery in an attempt to establish jurisdiction is inappropriate. *See Morongo Band of Mission Indians*, 858 F.2d at 1380 (citations omitted). Courts have held that "threshold immunity question[s]" should be decided before the parties engage in discovery. *Siegert*, 500 U.S. at 232 (alteration in original) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also TwinCity*, 124 F.R.D. at 653-54 (noting same proposition and citing *Harlow*, 457 U.S. at 817 [sic]). Qualified immunity is "'an immunity from suit rather than a mere defense to liability,'" and the Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Mitchell v. Forsyth*, 472 U.S.

---

[7] Discovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion, and a pending Rule 12(b) motion to dismiss is sufficient cause for granting a protective order. *Wagh*, 363 F.3d at 829. A district court would abuse its discretion in staying discovery if the discovery was relevant to whether or not the court had subject matter jurisdiction. *See Alaska Cargo Transport, Inc.*, 5 F.3d. at 383.

511, 526 (1985) (latter citations omitted)).  The court finds that the interest of a just, speedy and inexpensive resolution of the matter justifies temporarily staying discovery in this matter. *See* Fed. R. Civ. P. 1.

Accordingly and for good cause shown,

IT IS ORDERED that Federal Defendants' Motion to Stay Discovery (#9) is GRANTED.  The discovery in this action is TEMPORARILY STAYED until the court issues a ruling on the pending Motions to Dismiss (#7, #8, #16, and #17).

IT IS FURTHER ORDERED that within 14 days, but no later than July 10, 2013, after the court issues a ruling on the pending Motions to Dismiss (#7, #8, #16, and #17), the parties must file a Joint Status Report regarding the pending dispositive motions or a Proposed Discovery Plan and Scheduling Order, if appropriate.

DATED this 14th day of January, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE